IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION | § | C.A. No.  2:23-cv-00102 |
| OF PENINSULA MARINE, INC. AS | § | |
| OWNER OF THE CAPTAIN TKJ, ITS | § | In Admiralty Pursuant to Rule 9(h) |
| ENGINES, GEAR, TACKLE, ETC. IN A | § | |
| CAUSE FOR EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | |

**VERIFIED COMPLAINT AND PETITION FOR
EXONERATION FROM OR LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Petitioner, Peninsula Marine, Inc. ("Peninsula Marine") by and through its attorneys, of the law firm of SCHOUEST, BAMDAS, SOSHEA, BENMAIER & EASTHAM P.L.L.C., and for its Complaint seeking exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501 et. seq. (the "Limitation of Liability Act"), civil and maritime, and allege upon information and belief as follows:

**I.**

This is a cause of admiralty and maritime jurisdiction, as hereinafter more fully appears, brought within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions to the Federal Rules of Civil Procedure (the "Supplemental Rules").

**II.**

Peninsula Marine was at all times pertinent, including the present, a Texas company organized and doing business under Texas law. Peninsula Marine maintains and has maintained at all times pertinent to this proceeding an office and principal place of business in Anahuac, Texas with a mailing address of PO Box 968, Anahuac, Texas 77514.

### III.

Peninsula Marine was at all times pertinent, including the present, the owner of the Tug CAPTAIN TKJ (the "Vessel" or "CAPTAIN TKJ") which relates to the facts and circumstances of the July 18, 2022 incident described in Section VI below. The Vessel has not been attached or arrested and venue is proper in the Southern District of Texas pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims because a lawsuit has been filed pertaining to the July 18, 2022 incident described in Section VI below in Nueces County, Texas, which is within the Southern District of Texas.

### IV.

The CAPTIN TKJ is a motor vessel licensed with United States Coast Guard. The CAPTAIN TKJ has a length of 16 meters, breadth of 10 meters, horsepower of 1200, was built in 1980, and bears official # 628953 on its USCG certificate of documentation.

### V.

Prior to and at all times hereinafter described, Peninsula Marine exercised due diligence to make and maintain the Vessel in all respects seaworthy; and at all times hereinafter the described Vessel was, in fact, tight, staunch, strong, properly and efficiently manned, supplied, equipped, and furnished, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged.

### VI.

On July 18, 2022 Mr. Howard Hall was working aboard the Vessel offshore of Nueces County, Texas. On that day, he alleges that he became injured while moving barges in preparation of placement of an underwater pipeline. Specifically, Mr. Hall alleges that he sustained injuries to his shoulder and "other parts of his body" on that date while removing lead lines from the barges.

**VII.**

The injuries, if any, sustained by any and all persons or entities, which may have resulted from the alleged occurrence or occurrences, could only have been occasioned and incurred without the privity or knowledge of Peninsula Marine.

**VIII.**

The above-described events, and any alleged injuries, losses, or damages resulting from the July 18, 2022 incident, were not caused or contributed by the fault, neglect, lack of due diligence or want of due care on the part of Peninsula Marine, the design or condition of the Vessel, nor was the Vessel in any way unseaworthy. Rather, if any injuries, losses, damages, death or destruction were sustained as a result of the incident involving the Vessel and Mr. Hall on or about July 18, 2022, which is denied, said damages were due to and/or caused by the fault, neglect, lack of due diligence or want of due care of others for whom Peninsula Marine is not responsible.

**VIX.**

The value of Peninsula Marine's interest in the Vessel as of the casualty is $350,000.00 as shown in the Declaration attached hereto as Exhibit A.

**X.**

Peninsula Marine has reasonable basis upon which to believe that claims will be asserted and prosecuted against it in amounts exceeding the total sum it may be required to pay under the laws of the United States relating to the exoneration from or limitation of a shipowner's liability.

Peninsula Marine alleges that it has valid defenses upon the facts and under applicable law. Peninsula Marine therefore invokes the benefits afforded vessel owners under the Limitation of Liability Act as codified in 46 U.S.C. § 183 *et. seq.* and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Specifically, Peninsula

Marine is entitled to limit its liability to the value of the Vessel and its freight then pending at the time of the incident giving rise to this action. In the alternative, Peninsula Marine is entitled to limit its liability to the value of the Vessel and her freight then pending at the time of the incident giving rise to this action.

### XI.

In accordance with the provisions of 46 U.S.C. § 183 *et. seq.* and Rule F of the Supplemental Rules for Admiralty and Maritime Claims, Peninsula Marine stands ready to provide a stipulation with sufficient surety for payment into this Court of the value of its interest in the vessel or, in the alternative, the value of its interest in the vessel whenever the same shall be so ordered per the rules and practices of this Court.

### XII.

Peninsula Marine initially received notice of Mr. Hall's written claim on October 17, 2022. As is evidenced above, this Verified Complaint is filed within the running of six months from the date Peninsula Marine will have received first notice of a written claim.

Except as otherwise stated in this Verified Complaint, Peninsula Marine is, as of this date, unaware of any suits, petitions, demands, unsatisfied claims of liens, or liens against the Vessels in connection with the incident made the subject of this Verified Complaint.

### XIII.

This action is an admiralty claim within the meaning of Federal Rule of Civil Procedure 9(h) and therefore vests subject matter jurisdiction with this Court pursuant to 28 U.S.C. § 1333.

WHEREFORE, PETITIONER, Peninsula Marine, Inc., prays:

1. That this Court cause due appraisement be made of the amount or value of Peninsula Marine's interest in the Vessel and her freight on or about July 18, 2022;

2. That this Court, upon filing of the *Ad Interim* Stipulation, shall cause a Monition to be issued to all persons asserting claims against Peninsula Marine for which the complaint seeks exoneration or limitation, admonishing them to file their respective claims with the clerk of this Court and to serve on Peninsula Marine's attorneys a copy thereof on or before a date to be named in said Monition or be forever barred and permanently enjoined from making and filing any such claims;

3. That this Court enter an order directing that an injunction issue enjoining the prosecution as against Peninsula Marine, its agents, and representatives as owner of the Vessel, and of any and all claims, actions or proceedings, whether in existence now or to begin in the future, with respect to the matters in question except in the present proceeding;

4. That this Court adjudge that Peninsula Marine is not liable for any loss or damages arising from the aforementioned incident on or about July 18, 2022.  Should Peninsula Marine be found liable by this Court, then such liability should be limited to the value of its interest in the Vessel. Peninsula Marine should be discharged therefrom upon surrender of such interest and money surrendered, paid or secured to be paid as aforesaid and that said interest should be divided pro rata accordingly among such claimants as may duly prove their claim or claims, saving to parties any priorities to which they may be legally entitled;

5. That this Court enter a decree discharging Peninsula Marine from all further liability; and

6. That Peninsula Marine may have such other and further relief to which it is justly entitled.

Respectfully submitted,

**SCHOUEST, BAMDAS, SOSHEA, BENMAIER & EASTHAM, PLLC**

*/s/ Susan Noe Wilson*

**SUSAN NOE WILSON**
Texas Bar No. 15055025
S.D. Tex. ID No. 15092
snoewilson@sbsb-eastham.com
1001 McKinney, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile: (713) 574-2942
*Attorney in Charge for Petitioner Peninsula Marine, Inc.*

OF COUNSEL

**SCHOUEST, BAMDAS, SOSHEA, BENMAIER & EASTHAM PLLC**

**MICHAEL W. HOGUE**
Texas Bar No. 09809800
S.D. Tex. ID No. 8442
mhogue@sbsb-eastham.com
**CARRA MILLER**
Texas Bar No. 24103937
S.D. Tex. ID No. 3162385
cmiller@sbsb-eastham.com
1001 McKinney, Suite 1400
Houston, Texas 77002 *
Telephone: (713) 588-0446
Facsimile: (713) 574-2942

* *Temporary mailing address for Carra Miller.*